AO 121 (6/90)

| TO: |  |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ✖   ACTION          ☐   APPEAL | COURT NAME AND LOCATION<br>USDC – Middle District of Florida |
|---|---|
| DOCKET NO.<br>8:26-cv-01156-CEH-CPT | DATE FILED<br>04/22/2026 |

401 W. Central Boulevard, Suite 1200
Orlando, FL 32801

| PLAINTIFF | DEFENDANT |
|---|---|
| Certified Training Solutions, LLC | ConvenientMD, LLC et al |

| Patent<br>REGISTRATION  NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| See Attached | | |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| ELIZABETH M. WARREN | JS | April 24, 2026 |

**DISTRIBUTION:**

1) Upon initiation of action,
   mail copy to Register of Copyrights

2) Upon filing of document adding copyright(s),
   mail copy to Register of Copyrights

3) Upon termination of action,
   mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court

5) Case File Copy

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CERTIFIED TRAINING SOLUTIONS, LLC,

    Plaintiff,

v.                                   Case No.:

CONVENIENTMD, LLC, DIANE WILLEY,
MARIE HALL, CAITLIN MORSE,
MELODY BARRY, DEREK NELSON,
KATELYN DALTON, DIANA TERESHCHUK,
and VICTORIA CLINE,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, Certified Training Solutions, LLC ("CTS" or "Plaintiff"), by and through undersigned counsel, hereby sues Defendants, ConvenientMD, LLC ("Defendant ConvenientMD" or "ConvenientMD"), and Defendants Diane Willey, Marie Hall, Caitlin Morse, Melody Barry, Derek Nelson, Katelyn Dalton, Diana Tereshchuk, and Victoria Cline (collectively, the "Individual Defendants"), and alleges as follows:

**PARTIES**

1.    Plaintiff CTS is a Florida limited liability company with its principal place of business in Pinellas County, Florida.

1

2. CTS provides DOT-compliant training and certification programs nationwide through an online learning platform that delivers proprietary content developed and administered in Florida.

3. Defendant ConvenientMD is a Delaware limited liability company with its principal place of business in New Hampshire.

4. Defendant Marie Hall ("Defendant Hall") is an individual who enrolled in and completed Plaintiff's Train-the-Trainer course and entered into Plaintiff's standard license agreement.

5. Defendants Caitlin Morse ("Defendant Morse"), Melody Barry ("Defendant Barry"), Derek Nelson ("Defendant Nelson"), Katelyn Dalton ("Defendant Dalton"), Diana Tereshchuk ("Defendant Tereshchuk"), Diane Willey ("Defendant Willey"), and Victoria Cline ("Defendant Cline"), are individuals who enrolled in Plaintiff's Train-the-Trainer course and, as a condition of access, affirmatively accepted Plaintiff's Terms and Conditions and license agreement.

**JURISDICTION AND VENUE**

6. This is an action for infringement of Plaintiff's federal registered copyright pursuant to 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright Act, as amended, 17 U.S.C. §§ 101 et seq.

2

8.     The Court has supplemental jurisdiction over Plaintiff's related claims arising under state laws.

9.     The Court has personal jurisdiction over each of the Defendants pursuant to Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)6., as each of the Defendants caused injury to Plaintiff within this state.

10.    Plaintiff's damages arising from Defendants' conduct were sustained in this State and within this District.

11.    Defendant ConvenientMD is subject to the personal jurisdiction of this Court because it has purposefully availed itself of the benefits of doing business in this District by engaging in substantial business and transactions with Plaintiff in Florida through its personnel and operations.

12.    Defendant ConvenientMD obtained access to Plaintiff's proprietary training programs and materials through online transactions directed to Florida and used systems and platforms owned and operated by Plaintiff from its Florida headquarters.

13.    Defendants Marie Hall and the remaining Individual Defendants completed the Train-the-Trainer course or courses using Plaintiff's learning management system, and in doing so, affirmatively accepted Plaintiff's Terms and Conditions through an online agreement process and proceeded through course content after being presented with prominent copyright warnings and licensing terms.

14. These terms were displayed as mandatory pre-course notices and trainees were required to express electronic assent by clicking "I Agree" and entering identifying information before proceeding to access the course content.

15. All such transactions, including related payments and access to proprietary content, were administered through Plaintiff's Florida-based platforms.

16. This Court has personal jurisdiction over all Defendants pursuant to Section 48.193, Florida Statutes, because the Defendants committed tortious acts and breached contractual obligations outside of Florida that caused injury within this State, and because they entered into binding contracts with a Florida-based company requiring performance and compliance in Florida. Jurisdiction is further proper under Section 48.193(1)(a)(2), (6), and (7), Florida Statutes, as Defendants committed tortious acts causing injury in Florida, caused injury through acts committed outside Florida while conducting business with Florida-based systems, and failed to perform acts required by contract to be performed within Florida.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) because Defendants have committed acts within this District giving rise to the action.

## FACTUAL ALLEGATIONS

18.    CTS offers nationally recognized, Department of Transportation-("DOT") compliant online training and certification programs. One of CTS's core offerings is its proprietary "Train-the-Trainer" Urine Specimen Collector Course (the "Course"), which equips qualified individuals to provide hands-on training (proficiency demonstration) to others in DOT urine specimen collection procedures.

19.    The proficiency demonstration/hands-on training includes, without limitation, qualified trainers/monitors overseeing specimen collector students performing federally-required, five error-free mock collections while the instructor directs the students, observes, and ensures the mock collections are error-free.

20.    The Course is hosted exclusively through CTS's learning management system ("LMS") and consists of protected, original copyrightable content including without limitation instructional slides, video modules, procedural checklists, digital proficiency evaluations, and accompanying certification forms.

21.    The Course materials are subject to copyright protection and may only be accessed and used under strict license terms issued by CTS. CTS is the copyright owner of the original literary works that make up the Course, including the original copyrighted work known as "Urine Specimen Collection"

5

(also referred to as the "Work"), and the copyrighted derivative work known as "Urine Specimen Collection 2023 Edition" (also referred to as the "Derivative Work") (collectively, the "Works").

22. The Works are original copyrightable works. Plaintiff has complied in all respects with 17 U.S.C. § 101 et seq. and has secured exclusive rights in the Works and has received its copyright registrations in the Works with the Copyright Office in accordance with its rules and regulations. True and correct copies of the Certificates of Registration from the U.S. Copyright Office for the Works are attached hereto as Exhibit A and Exhibit B.

23. Each individual who enrolled in the Train-the-Trainer Course, including Defendant Hall and the remaining Individual Defendants, were required to affirmatively accept CTS's Terms and Conditions prior to receiving access to the Course, the Works, and related training content.

24. These Terms and Conditions included a limited, non-transferable license to access the Course and the copyright-protected works therein, and expressly prohibited the sharing, reproduction, or public display of any training materials.

25. Since as early as 2014, CTS has enforced a strict one-user licensing model through its LMS. At the beginning of its Train-the-Trainer course, each trainee is presented with copyright warnings that appear prominently on a required slide before access to course content.

6

26.     CTS's copyright warning and notice (the "IMPORTANT NOTICE"), continuously in use since 2014, expressly states that the course being accessed is copyrighted and intended for use by one individual only, that copying, printing, or sharing the content was prohibited, and that violations will result in legal action. The notice also states that a separate course purchase is required "for each person you will train." A true and correct screenshot of this notice is attached hereto as Exhibit C. The IMPORTANT NOTICE is displayed on the CTS website and set forth in the Terms and Conditions users agreed to when purchasing the online course.

27.     Prior to July 24, 2019, all users were required to proceed past the IMPORTANT NOTICE in order to complete the training, and the LMS did not permit course access without viewing the notice. This process constituted valid notice under Florida law, and user agreement to Terms and Conditions as well as continuation through the LMS reflected manifested assent to the stated limitations.

28.     Individual Defendant Willey accessed and completed the Train-the-Trainer Course between 2014 and July 24, 2019.

29.     On July 24, 2019, an affirmative "click-to-agree" mechanism was implemented. Between July 24, 2019, and April 9, 2023, CTS incorporated multi-layered acceptance requirements pursuant to which trainees were required to click "I Agree," type their name and email, and affirm multiple times that they

understood they must purchase a new and separate online collector procedures course for each trainee to whom they intended to provide hands-on proficiency training, that they were not permitted to teach Component 1 content, and that they were only authorized to supervise hands-on Component 2 instruction for internal staff after purchase of required Component 1 courses for staff they intended to train and upon payment of a fee for each person to whom they provided Component 2 instruction. If a user did not accept these terms, they were instructed to exit and were offered a refund. A true and correct copy of the updated July 24, 2019 agreement is attached hereto as Exhibit D.

30. The following Individual Defendants accessed and completed the Train-the-Trainer Course between July 24, 2019, and April 9, 2023, during which CTS required trainees to affirmatively accept the Terms and Conditions through a multi-step click-to-agree process, including entering their name and email and confirming their agreement to all usage restrictions: Marie Hall, Caitlin Morse, Melody Barry, Derek Nelson, and Katelyn Dalton.

31. CTS's Terms were further updated on April 10, 2023, to incorporate enforceable legal and financial provisions. The revised agreement expressly prohibited trainers from providing instruction outside their own organization or offering training services for compensation, reiterated that Component 1 instruction remained exclusively within CTS's control, and contains a liquidated damages clause of $100.00 per unlicensed trainee and $400.00 per individual

8

trained outside the user's organization. A true and correct copy of the April 10, 2023 agreement is attached hereto as <u>Exhibit</u> E.

32. It further provided that violators would be liable for attorneys' fees, lost revenue, court costs, and related judgments. To underscore the binding nature of these terms, the agreement advised trainees to exit and request a refund if they did not agree. The update also clarified key instructional limitations and adopted standardized legal terminology across the platform. *See* <u>Exhibit</u> E.

33. The following Individual Defendants enrolled in the Train-the-Trainer Course on or after April 10, 2023, and affirmatively accepted CTS's revised Terms and Conditions by completing the required multi-step acceptance process, including acknowledgment of the updated legal and financial provisions: Diana Tereshchuk, Diane Willey, and Victoria Cline.

34. Each version of CTS's Terms and Conditions, whether in the form of an initial copyright warning slide such as the IMPORTANT NOTICE or formalized multi-step agreement, was reinforced through consistent messaging at the point of purchase, through Terms and Conditions, login, and within the LMS platform, including in the Course Modules and on the Trainer Resources Page. These materials uniformly and repeatedly communicated that each trainee must be licensed individually, that course content including without limitation the provided resources, documents and forms, could not be reproduced or reused, that training was limited strictly to the trainer's internal organization,

9

and that a new procedures course must be purchased for each and every individual trained.

35.     Every iteration of Terms and Conditions included and imposed binding use limitations and express consent to such limitations. Restrictions were reiterated throughout the online course in multiple locations, including the course start screen, certification modules, and Module 12. Users could not access the full training materials without agreeing to and proceeding past these restrictions. *See* Exhibits C-E.

36.     Defendants were repeatedly and unambiguously advised that unauthorized reproduction, reuse, or instructional use of the course materials, outside the terms of the license, would constitute copyright infringement and a breach of the licensing agreement.

37.     Between approximately 2014 and 2025, Defendant ConvenientMD coordinated the enrollment of its employees, including Defendant Hall and the other Individual Defendants, in CTS's Train-the-Trainer Course. Each of these individuals registered online, agreed to CTS's Terms and Conditions, and received certification upon completion.

38.     ConvenientMD purchased at least fifty (50) Train-the-Trainer licenses over this period. However, CTS did not receive corresponding purchases for the required Component 1 procedures training for any additional trainees to whom ConvenientMD employees provided hands-on/proficiency training. CTS

10

also did not receive the corresponding Component 2 procedures training fees for any ConvenientMD employees to whom Train-the-Trainer licensees provided hands-on/proficiency training.

39. In March 2025, Plaintiff learned of ConvenientMD's unauthorized internal use of the Train-the-Trainer Course and the absence of required procedures course purchases.

40. In communications with CTS in March 2025, Defendant Hall, on behalf of ConvenientMD in her capacity as Clinical Education Manager for ConvenientMD, acknowledged that ConvenientMD had utilized CTS's Train-the-Trainer Online Procedures Course. In that communication, Defendant Hall did not dispute that internal training at ConvenientMD had occurred or that ConvenientMD did not purchase the required collector procedures courses for each additional trainee over the years.

41. Instead, Defendant Hall asserted that individuals working for ConvenientMD, such as herself and the other Individual Defendants, lacked authority to bind ConvenientMD to CTS's licensing terms and directed all further inquiries to ConvenientMD's legal counsel. Prior to this communication, Plaintiff had no means of discovering the Defendants' unauthorized uses of its copyrighted materials. Plaintiff was not aware and could not have discovered the unauthorized use of its copyrighted materials and the infringing activities prior to the communication.

11

42. Plaintiff's training model and licensing structure depend upon individual course purchases for each trainer and trainee, along with strict adherence to license terms. By bypassing required course purchases and replicating instructional use internally, the Defendants have deprived and continue to deprive Plaintiff of contractual revenue and have infringed and continue to infringe upon Plaintiff's protected training content.

43. CTS has expended significant time and resources developing, updating, and hosting its proprietary training content, including platform integration, compliance auditing, and technical support. Defendants' unauthorized use of this content has caused ongoing harm to Plaintiff's business reputation, market standing, and ability to enforce its licensing scheme consistently across clients.

44. Despite Plaintiff's demand for corrective action, including the issuance of a cease and desist letter dated April 7, 2025, Defendants have failed to remediate the unauthorized use or provide documentation to establish that they did not use CTS training materials unlawfully. A true and correct copy of the April 7, 2025 cease and desist letter is attached hereto as Exhibit F.

45. In response to Plaintiff's cease and desist letter, Defendant ConvenientMD disclosed certain training materials it was using, directly establishing it was and is infringing at least three of CTS's copyrighted materials.

12

46. As of the date of this filing, Defendants have not ceased the unauthorized use and infringement of Plaintiff's proprietary training materials, nor have they compensated Plaintiff for the required procedures courses or associated license fees.

47. As a direct and continuing result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial financial harm, loss of contractual revenue, and erosion of its intellectual property rights. Defendants' ongoing unauthorized use of Plaintiff's proprietary training materials has undermined Plaintiff's ability to enforce its licensing program, created unfair competitive advantages for Defendants, and caused irreparable harm to Plaintiff's business operations and goodwill.

## COUNT I - BREACH OF CONTRACT
### (Against Defendant Willey)

48. Plaintiff re-alleges and incorporates paragraphs 1–28, 34–36, 39–44, and 46–47 as if fully set forth herein.

49. Defendant Willey accessed and completed the Train-the-Trainer Course between 2014 and July 24, 2019, and by doing so entered into a valid and enforceable agreement with CTS for the use of its course.

50. CTS's Terms and Conditions governed Defendant Willey's enrollment in the Train-the-Trainer Course and established binding license restrictions. These terms expressly limited access and use of CTS's proprietary

course materials to the individual trainee, prohibited reproduction or reuse for training others, and required a separate course purchase for each individual to be trained. *See* Exhibit C.

51.    Defendant Willey, in addition to being subject to CTS's Terms and Conditions, was presented with the IMPORTANT NOTICE before being permitted course access.

52.    Under these terms, Defendant Willey was prohibited from reproduction, reuse, or dissemination of Plaintiff's proprietary materials, and was further required to purchase a new course license for each additional trainee.

53.    CTS internal records confirm that Defendant Willey engaged in training activities and participated in a system of training at ConvenientMD in affirmative breach of these enforceable licensing restrictions.

54.    Defendant Willey directly facilitated Component 1 training sessions using CTS's protected content without ensuring that the required Component 1 procedures courses were separately purchased for each trainee or confirming compensation to CTS for the Component 2 procedures training for each trainee to whom she provided training, thereby breaching the express licensing limitations. Defendant Willey furthermore directed other ConvenientMD employees to breach these Terms and Conditions.

55.    Defendant Willey's unauthorized use constituted a material breach of the operative agreements by depriving Plaintiff of the contractual benefit of

course-by-course licensing revenue and undermining the exclusivity of CTS's proprietary course materials.

56. Defendant Willey's breaches of the Terms and Conditions are ongoing and continuous in nature, as evidenced and compounded by the fact that she entered into a new agreement with CTS after April 10, 2023 for re-licensing.

57. CTS did not authorize the continued use of its training materials beyond Defendant Willey's individual certification, and her unauthorized reproduction, internal use, and training of additional personnel without the purchase of corresponding procedures courses constitute repeated and distinct breaches of contract within the statutory period.

58. Moreover, CTS reasonably relied on Defendant Willey's representations and had no reasonable means of discovering the full extent of her unauthorized internal training activities until in or around March of 2025.

59. Accordingly, even if certain acts of misuse began prior to the limitations period, CTS's claims are timely under Florida law because the breaches either (i) occurred within the five-year window; or (ii) were not discoverable with reasonable diligence until 2025.

60. As a direct and proximate result of Defendant Willey's material breaches, Plaintiff has suffered and continues to suffer damages including, but

not limited to, lost licensing revenue, internal investigation and enforcement costs, and reputational harm caused by the improper replication of its materials.

61.     Plaintiff is entitled to recover all compensatory damages arising from Defendant Willey's breach and any equitable relief necessary to prevent further misuse of its proprietary content.

**WHEREFORE,** Plaintiff Certified Training Solutions, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Diane Willey for breach of contract, and award Plaintiff its compensatory damages, together with all costs and interest permitted under applicable law, and grant such other and further relief as the Court deems just and proper.

## <u>COUNT II – BREACH OF CONTRACT</u>
### (Against Defendants Hall, Morse, Barry, Nelson, and Dalton)

62.     Plaintiff re-alleges and incorporates paragraphs 1–26, 29–30, and 34–47 as if fully set forth herein.

63.     Defendants Hall, Morse, Barry, Nelson, and Dalton accessed and completed the Train-the-Trainer Course between July 24, 2019 and April 10, 2023, and by doing so entered into a valid and enforceable agreement with CTS for the use of its course.

64.     CTS's Terms and Conditions governed these Individual Defendants' enrollment in the Train-the-Trainer Course and established binding license restrictions. These terms expressly limited access and use of CTS's proprietary

course materials to the individual trainee, prohibited reproduction or reuse for training others, and required a separate course purchase for each individual to be trained. *See* Exhibits C–D.

65.     Defendants Hall, Morse, Barry, Nelson, and Dalton, in addition to being subject to CTS's Terms and Conditions, affirmatively accepted and agreed to the terms requiring that they must purchase a new and separate online collector procedures course for each trainee to whom they intended to provide hands-on proficiency training, that they were not permitted to teach Component 1 content without purchasing Component 1 courses for each student they would teach, and that they were only authorized to supervise hands-on Component 2 instruction for internal staff if purchasing the required Component 1 courses for those trainees or paying a fee for each trainee to whom they provided Component 2 training.

66.     Under these terms, Defendants Hall, Morse, Barry, Nelson, and Dalton were prohibited from reproduction, reuse, or dissemination of Plaintiff's proprietary materials, and were further required to purchase a new course license for each additional trainee.

67.     Defendants Hall, Morse, Barry, Nelson, and Dalton were presented with these licensing restrictions at multiple points during the course after affirmatively accepting them, including at login, in-course instruction, and final certification.

17

68.    CTS internal records confirm that Defendants Hall, Morse, Barry, Nelson, and Dalton engaged in training activities or participated in a system of training at ConvenientMD in affirmative breach of these enforceable licensing restrictions.

69.    Specifically, these Defendants either directly or indirectly facilitated unauthorized Component 1 and Component 2 training sessions using CTS's protected content without ensuring that the required Component 1 and procedures courses were separately purchased for each trainee or compensating CTS for Component 2 training fees, thereby breaching the express licensing limitations.

70.    These unauthorized uses constituted a material breach of the operative agreements by depriving Plaintiff of the contractual benefit of course-by-course licensing revenue and undermining the exclusivity of CTS's proprietary course materials.

71.    Defendants' breaches of the Terms and Conditions are ongoing and continuous in nature.

72.    CTS did not authorize the continued use of its training materials beyond each Defendant's individual certification, and their unauthorized reproduction, internal use, and training of additional personnel without the purchase of corresponding procedures courses constitute repeated and distinct breaches of contract within the statutory period.

18

73.    Moreover, CTS reasonably relied on Defendants' representations and had no reasonable means of discovering the full extent of their unauthorized internal training activities until in or around March of 2025.

74.    Accordingly, even if certain acts of misuse began prior to the limitations period, CTS's claims are timely under Florida law because the breaches either (i) occurred within the five-year window; or (ii) were not discoverable with reasonable diligence until 2025.

75.    As a direct and proximate result of Defendants Hall, Morse, Barry, Nelson, and Dalton's material breaches, Plaintiff has suffered and continues to suffer damages including, but not limited to, lost licensing revenue, internal investigation and enforcement costs, and reputational harm caused by the improper replication of its materials.

76.    Plaintiff is entitled to recover all compensatory damages arising from these Individual Defendants' breaches and any equitable relief necessary to prevent further misuse of its proprietary content.

**WHEREFORE,** Plaintiff Certified Training Solutions, LLC respectfully requests that this Court enter judgment in its favor and against Defendants Marie Hall, Caitlin Morse, Melody Barry, Derek Nelson, and Katelyn Dalton, for breach of contract, and award Plaintiff its compensatory damages, together with all costs and interest permitted under applicable law, and grant such other and further relief as the Court deems just and proper.

19

## COUNT III – BREACH OF CONTRACT
### (Against Defendants Tereshchuk, Willey, and Cline)

77.     Plaintiff re-alleges and incorporates paragraphs 1–26, 29, and 31–47 as if fully set forth herein.

78.     Defendants Tereshchuk, Willey, and Cline accessed and completed the Train-the-Trainer Course after April 10, 2023, and by doing so entered into a valid and enforceable agreement with CTS for the use of its course.

79.     Defendants Tereshchuk, Willey, and Cline affirmatively accepted and agreed to CTS's updated Terms and Conditions, which governed their enrollment in the Train-the-Trainer Course and established binding license restrictions. These terms expressly limited access and use of CTS's proprietary course materials to the individual trainee, prohibited reproduction or reuse for training others, and required a separate course purchase for each individual to be trained.

80.     These Terms and Conditions further included, specific legal enforcement provisions, such as: (i) liquidated damages of $100.00 per unauthorized trainee and $400.00 per trainee instructed outside of the trainer's own organization; (ii) an express prevailing party attorneys' fees clause; (iii) prohibitions on offering training to third parties for compensation; and (iv) a reaffirmation that Component 1 training may only be performed by CTS directly.

81. Defendants Tereshchuk, Willey, and Cline were required to agree to the updated licensing restrictions by affirmatively acknowledging the terms at multiple stages during the training, including at LMS login, course entry, and prior to certification. These Defendants were provided a refund option in the event of non-acceptance and unequivocally warned that unauthorized instructional use would result in financial and legal liability.

82. Under these terms, Defendants Tereshchuk, Willey, and Cline were prohibited from reproduction, reuse, or dissemination of Plaintiff's proprietary materials, and were further required to purchase a new course license for each additional trainee.

83. CTS internal records confirm that Defendants Tereshchuk, Willey, and Cline facilitated or participated in training activities within ConvenientMD's operations without ensuring the requisite procedures courses were purchased for the trainees, and in doing so, affirmatively breached the limited use license granted to them under CTS's updated agreement.

84. These actions constitute material breaches of contract by violating express licensing limitations and triggering the contractual damages provisions, including liquidated damages and the prevailing party attorneys' fees clause.

85. As a direct and proximate result of these breaches, Plaintiff has suffered and continues to suffer damages including, but not limited to, lost

licensing revenue, internal investigation and enforcement costs, and reputational harm caused by the improper replication of its materials.

86.     Plaintiff is further entitled to recover its reasonable attorneys' fees and costs pursuant to the prevailing party provision set forth in the April 2023 Terms and Conditions. *See* Exhibit E.

**WHEREFORE,** Plaintiff Certified Training Solutions, LLC respectfully requests that this Court enter judgment in its favor and against Defendants, Diana Tereshchuk, Diane Willey, and Victoria Cline, for breach of contract, and award Plaintiff its compensatory damages, contractual liquidated damages, reasonable attorneys' fees and costs, together with all interest permitted under applicable law, and grant such other and further relief as the Court deems just and proper.

### COUNT IV – COPYRIGHT INFRINGEMENT
**17 U.S.C. § 101 et seq.**
**(Against all Defendants)**

87.     Plaintiff re-alleges and incorporates paragraphs 1–26, 30, and 34–47 as if fully set forth herein.

88.     Plaintiff owns a valid copyright in the Urine Specimen Collection at issue in this case.

89.     Plaintiff registered the Urine Specimen Collection with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). *See* Exhibit A.

22

90.   Plaintiff is and at all relevant times has been the sole owner and proprietor of all rights, title and interest in and to the copyright of the Urine Specimen Collection.

91.   The Urine Specimen Collection is a wholly original work that is copyrightable subject matter under the laws of the United States.

92.   Plaintiff has invested substantial resources to develop and protect the Urine Specimen Collection and strictly controls access through limited-use license agreements that prohibit unauthorized reproduction, distribution, public display, or use for instructional purposes beyond the scope of license.

93.   All the Individual Defendants gained access to the Urine Specimen Collection through Plaintiff's Florida-based LMS, affirmatively agreed to the governing license terms, and thereafter used, reproduced, or distributed portions of the Urine Specimen Collection without securing the required licenses for additional internal trainees.

94.   Defendant ConvenientMD gained unauthorized access to the Urine Specimen Collection through the Individual Defendants identified above.

95.   At no time has Plaintiff authorized Defendant ConvenientMD or any of the Individual Defendants to reproduce, distribute, prepare derivative works, or publicly display the Urine Specimen Collection or any portion thereof.

96.   Nonetheless, Defendants willfully infringed Plaintiff's copyright in the Urine Specimen Collection by reproducing, displaying, distributing, creating

23

derivative works of, and/or publicly displaying the Urine Specimen Collection and portions thereof without permission in violation of the Copyright Act, 17 U.S.C. § 106.

97.    These acts constitute direct infringement under 17 U.S.C. § 501 and were committed knowingly and willfully, with actual or constructive knowledge of the Plaintiff's exclusive copyright, the applicable limitations to use of the copyright, and in conscious disregard of Plaintiff's exclusive rights in the protected copyrighted Work.

98.    CTS at no time authorized the Defendants' continued use of Plaintiff's copyrighted Work, and as such their continued unauthorized use constitutes repeated and distinct acts of infringement within the statutory period.

99.    Moreover, CTS had no means of discovering the Defendants' unauthorized uses of the Work prior to March 2025. Plaintiff was not aware and could not have discovered the infringing activities prior to March 2025.

100.   Accordingly, even if certain infringement acts began prior to the limitations period, CTS's claims are timely under federal law because the infringement either (i) occurred within the three-year window; or (ii) were not discoverable with reasonable diligence until 2025.

101.   By reason of Defendants' acts of infringement, Plaintiff has sustained and continues to sustain substantial injury, loss, and damage to its ownership rights in the copyrighted Urine Specimen Collection, including without

24

limitation lost licensing revenue, dilution of intellectual property, and injury to market position.

102. Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining all Defendants and their officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with those Defendants, from engaging in further acts of copyright infringement.

103.  Plaintiff is further entitled to recover from all Defendants the gains, profits, and advantages they have obtained as a result of copyright infringement.

104. At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

105. Plaintiff is also entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

106. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants will continue their course of conduct and will continue to wrongfully use, infringe upon, reproduce, distribute, and otherwise profit from Plaintiff's copyrighted Urine Specimen Collection.

**WHEREFORE**, Plaintiff Certified Training Solutions, LLC respectfully requests that the Court enter judgment in its favor and against Defendants, ConvenientMD, LLC, Diane Willey, Marie Hall, Caitlin Morse, Melody Barry,

25

Derek Nelson, Katelyn Dalton, Diana Tereshchuk and Victoria Cline, for copyright infringement, and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with them from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted Urine Specimen Collection, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in their possession or control;

B. A preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff's copyright.

C. An award of actual damages, punitive damages, and Defendants' profits to be determined at trial, plus interest;

D. An award of statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

E. An award of reasonable attorneys' fees and costs under 17 U.S.C. § 505; and

26

F.  Such other and further relief as the Court deems just and proper.

### COUNT V – COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 et seq.
### (Against Defendants ConvenientMD, Tereshchuk, Willey, and Cline)

107.   Plaintiff re-alleges and incorporates paragraphs 1–26 and 33–47 as if fully set forth herein.

108.   Plaintiff owns a valid copyright in the Urine Specimen Collection 2023 Edition at issue in this case.

109.   Plaintiff registered the Urine Specimen Collection 2023 Edition with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). *See* Exhibit B.

110.   Plaintiff is and at all relevant times has been the sole owner and proprietor of all rights, title and interest in and to the copyright of the Urine Specimen Collection 2023 Edition.

111.   The Urine Specimen Collection 2023 Edition is a derivative work of the original copyrighted Urine Specimen Collection, and contains copyrightable subject matter under the laws of the United States.

112.   Plaintiff has invested substantial resources to develop and protect the Urine Specimen Collection 2023 Edition and strictly controls access through limited-use license agreements that prohibit unauthorized reproduction, distribution, public display, or use for instructional purposes beyond the scope of license.

27

113.   Defendants Tereshchuk, Willey, and Cline gained access to the Urine Specimen Collection 2023 Edition through Plaintiff's Florida-based LMS, affirmatively agreed to the governing license terms, and thereafter used, reproduced, or distributed portions of the Urine Specimen Collection 2023 Edition without securing the required licenses for additional internal trainees.

114.   Defendant ConvenientMD gained unauthorized access to the Urine Specimen Collection 2023 Edition through the Individual Defendants identified above.

115.   At no time has Plaintiff authorized Defendant ConvenientMD or any of the Individual Defendants identified above to reproduce, distribute, prepare derivative works, or publicly display the Derivative Work or any portion thereof.

116.   Nonetheless, these Defendants willfully infringed Plaintiff's copyright in the Urine Specimen Collection 2023 Edition by reproducing, displaying, distributing, and creating derivative works of the Derivative Work and portions thereof without permission in violation of the Copyright Act, 17 U.S.C. § 106.

117.   These acts constitute direct infringement under 17 U.S.C. § 501 and were committed knowingly and willfully, with actual or constructive knowledge of the Plaintiff's exclusive copyright, the applicable limitations to use of the copyright, and in conscious disregard of Plaintiff's exclusive rights in its protected copyrighted Derivative Work.

118. CTS at no time authorized these Defendants' continued use of Plaintiff's copyrighted Derivative Work, and as such their continued unauthorized use constitutes repeated and distinct acts of infringement within the statutory period.

119. Moreover, CTS had no means of discovering these Defendants' unauthorized uses of the Derivative Work prior to March 2025. Plaintiff was not aware and could not have discovered the infringing activities prior to March 2025.

120. Accordingly, even if certain infringement acts began prior to the limitations period, CTS's claims are timely under federal law because the infringement either (i) occurred within the three-year window; or (ii) were not discoverable with reasonable diligence until 2025.

121. By reason of Defendants ConvenientMD, Tereshchuk, Willey, and Cline's acts of infringement, Plaintiff has sustained and continues to sustain substantial injury, loss, and damage to its ownership rights in the copyrighted Urine Specimen Collection 2023 Edition, including without limitation lost licensing revenue, dilution of intellectual property, and injury to market position.

122. Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining Defendants ConvenientMD, Tereshchuk, Willey, and Cline, and their officers, directors, agents, employees, representatives, assigns, and all persons acting in

29

concert with those Defendants, from engaging in further acts of copyright infringement.

123.    Plaintiff is further entitled to recover from Defendants ConvenientMD, Tereshchuk, Willey, and Cline the gains, profits, and advantages those Defendants have obtained as a result of copyright infringement.

124.    At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

125.    Plaintiff is also entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 505.

126.    Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants will continue their course of conduct and will continue to wrongfully use, infringe upon, reproduce, distribute, and otherwise profit from Plaintiff's copyrighted Urine Specimen Collection 2023 Edition.

**WHEREFORE**, Plaintiff Certified Training Solutions, LLC respectfully requests that the Court enter judgment in its favor and against Defendants, ConvenientMD, LLC, Diana Tereshchuk, Diane Willey, and Victoria Cline, for copyright infringement, and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining those Defendants and all persons acting in concert with them from reproducing, distributing, creating derivative works, displaying,

advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted Urine Specimen Collection 2023 Edition, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in their possession or control;

B. A preliminary and permanent injunction enjoining and restraining those Defendants and their agents, servants, employees, attorneys, and all persons acting in concert and participation with it from infringing upon Plaintiff's copyright.

C. An award of actual damages, punitive damages, and those Defendants' profits to be determined at trial, plus interest;

D. An award of statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

E. An award of reasonable attorneys' fees and costs under 17 U.S.C. § 505; and

F. Such other and further relief as the Court deems just and proper.

## COUNT VI – VICARIOUS COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 et seq.
**(Against Defendant ConvenientMD)**

127. Plaintiff re-alleges and incorporates paragraphs 1–26 and 34–47 as if fully set forth herein.

31

128. Plaintiff owns a valid copyright in the Works at issue in this case.

129. Plaintiff registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). *See* Exhibits A–B.

130. Plaintiff is and at all relevant times has been the sole owner and proprietor of all rights, title and interest in and to the copyrights of the Works.

131. The Works are wholly original and derivative works that contain copyrightable subject matter under the laws of the United States.

132. Plaintiff has invested substantial resources to develop and protect the Works and strictly controls access through limited-use license agreements that prohibit unauthorized reproduction, distribution, public display, or use for instructional purposes beyond the scope of license.

133. Since 2014, Defendant ConvenientMD purchased at least 50 Train-the-Trainer licenses for employees, including all the Individual Defendants named herein, yet consistently failed to purchase the required Component 1 procedures courses for the trainees those trainers instructed or compensate CTS for the Component 2 training they provided.

134. ConvenientMD knowingly permitted and facilitated internal training using CTS's proprietary content without proper licensing, thereby infringing CTS's copyrights.

135. At all relevant times, the Individual Defendants were employees, agents, or representatives of ConvenientMD and acted within the course and

32

scope of their employment when using, reproducing, and delivering CTS's copyrighted training content to other ConvenientMD staff.

136. ConvenientMD had both the right and ability to supervise the Individual Defendants' conduct and the direct financial interest in the outcome, including avoiding course licensing fees and cost savings from in-house training.

137. Despite CTS's April 7, 2025 cease and desist letter and prior communications, ConvenientMD failed to cease or correct the infringing conduct and did not produce evidence of authorized course purchases for the internally trained personnel.

138. By authorizing, overseeing, and directly and substantially financially benefitting from the infringing use of Plaintiff's Works, ConvenientMD is vicariously liable for the acts of infringement committed by its employees under 17 U.S.C. § 501.

139. CTS had no means of discovering ConvenientMD's vicarious copyright infringement prior to March 2025. Plaintiff was not aware and could not have discovered ConvenientMD's vicariously infringing activities prior to March 2025.

140. Accordingly, even if certain vicarious acts of infringement began prior to the limitations period, CTS's claims are timely under federal law because the infringement either (i) occurred within the three-year window; or (ii) were not discoverable with reasonable diligence until 2025.

33

141. Plaintiff has sustained and continues to sustain substantial injury, loss, and damage to its ownership rights in the copyrighted Works, including without limitation lost licensing revenue, dilution of intellectual property, and injury to market position as a direct result of ConvenientMD's vicarious infringement.

142. Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining ConvenientMD and its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with it, from engaging in, authorizing, overseeing, and/or directly and substantially financially benefitting from further acts of copyright infringement.

143. Plaintiff is further entitled to recover from ConvenientMD the gains, profits, and advantages it obtained, or profits attributable to the infringement of Plaintiff's Works, as a result of its vicarious copyright infringement.

144. At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

145. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendant ConvenientMD will continue its course of conduct and will continue to wrongfully authorize, oversee, and directly and substantially financially benefit and profit from Plaintiff's copyrighted Works.

**WHEREFORE**, Plaintiff Certified Training Solutions, LLC respectfully requests that the Court enter judgment in its favor and against Defendant ConvenientMD, LLC for vicarious copyright infringement and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendant ConvenientMD and all persons acting in concert with it from authorizing, overseeing, or benefitting from the unauthorized reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing of any materials that are substantially similar to the copyrighted Works, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in their possession or control;

B. A preliminary and permanent injunction enjoining and restraining Defendant ConvenientMD and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from directly or vicariously infringing upon Plaintiff's copyrights.

C. An award of actual damages, punitive damages, and Defendant ConvenientMD's profits to be determined at trial, plus interest;

D. An award of statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

35

E.  An award of reasonable attorneys' fees and costs; and

F.  Such other and further relief as the Court deems just and proper.

## COUNT VII – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 et seq.
### (Against Defendant ConvenientMD)

146.  Plaintiff re-alleges and incorporates paragraphs 1–26 and 34–47 as if fully set forth herein.

147.  Plaintiff owns a valid copyright in the Works at issue in this case.

148.  Plaintiff registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). *See* Exhibits A–B.

149.  Plaintiff is and at all relevant times has been the sole owner and proprietor of all rights, title and interest in and to the copyrights of the Works.

150.  The Works are wholly original and derivative works that contain copyrightable subject matter under the laws of the United States.

151.  Plaintiff has invested substantial resources to develop and protect the Works and strictly controls access through limited-use license agreements that prohibit unauthorized reproduction, distribution, public display, or use for instructional purposes beyond the scope of license.

152.  Since 2014, Defendant ConvenientMD purchased at least 50 Train-the-Trainer licenses for employees, including all the Individual Defendants named herein, yet consistently failed to purchase the required Component 1

36

procedures courses for the trainees those trainers instructed or compensate CTS for the Component 2 training they provided.

153. ConvenientMD knowingly induced the direct infringement by the Individual Defendants by directing and facilitating internal training using CTS's proprietary content without proper licensing, thereby contributing to the infringement of CTS's copyrights.

154. At all relevant times, the Individual Defendants were employees, agents, or representatives of ConvenientMD and acted within the course and scope of their employment when using, reproducing, and delivering CTS's copyrighted training content to other ConvenientMD staff.

155. ConvenientMD, with full knowledge of CTS's copyrights in the Works, intentionally induced the Individual Defendants to use, reproduce, and deliver CTS's copyrighted training content to other ConvenientMD staff without license or authorization.

156. ConvenientMD knew or had reason to know that the Individual Defendants were infringing on CTS's copyrights, and materially contributed to the infringing acts of the Individual Defendants.

157. Despite CTS's April 7, 2025 cease and desist letter and prior communications, ConvenientMD failed to cease or correct the infringing conduct and did not produce evidence of authorized course purchases for the internally trained personnel.

158.   By authorizing, inducing, directing, and directly and substantially financially benefitting from the infringing use of Plaintiff's copyrighted Works, ConvenientMD is contributorily liable for the acts of infringement committed by its employees under 17 U.S.C. § 501.

159.   CTS had no means of discovering ConvenientMD's contributory copyright infringement prior to March 2025. Plaintiff was not aware and could not have discovered ConvenientMD's contributory infringing activities prior to March 2025.

160.   Accordingly, even if certain contributory acts of infringement began prior to the limitations period, CTS's claims are timely under federal law because the infringement either (i) occurred within the three-year window; or (ii) were not discoverable with reasonable diligence until 2025.

161.   Plaintiff has sustained and continues to sustain substantial injury, loss, and damage to its ownership rights in the copyrighted Works, including without limitation lost licensing revenue, dilution of intellectual property, and injury to market position as a direct result of ConvenientMD's contributory infringement.

162.   Because Plaintiff is without an adequate remedy at law, Plaintiff is entitled to an injunction, in accordance with 17 U.S.C. § 502, restraining ConvenientMD and its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with it, from engaging in, authorizing,

inducing, directing, and/or directly and substantially financially benefitting from further acts of copyright infringement.

163. Plaintiff is further entitled to recover from ConvenientMD the gains, profits, and advantages it obtained, or profits attributable to the infringement of Plaintiff's Works, as a result of its contributory copyright infringement.

164. At its election, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 504.

165. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendant ConvenientMD will continue its course of conduct and will continue to wrongfully authorize, induce, direct, and directly and substantially financially benefit and profit from Plaintiff's copyrighted Works.

**WHEREFORE**, Plaintiff Certified Training Solutions, LLC respectfully requests that the Court enter judgment in its favor and against Defendant ConvenientMD, LLC for contributory copyright infringement and further order as follows:

A. A preliminary and permanent injunction enjoining and restraining Defendant ConvenientMD and all persons acting in concert with it from authorizing, inducing, directing, or benefitting from the unauthorized reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing

39

of any materials that are substantially similar to the copyrighted Works, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in their possession or control;

B. A preliminary and permanent injunction enjoining and restraining Defendant ConvenientMD and its agents, servants, employees, attorneys, and all persons acting in concert and participation with it from directly or contributorily infringing upon Plaintiff's copyrights.

C. An award of actual damages, punitive damages, and Defendant ConvenientMD's profits to be determined at trial, plus interest;

D. An award of statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504, at Plaintiff's election;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Certified Training Solutions, LLC hereby demands a trial by jury on all issues so triable.

40

Dated: <u>April 22, 2026.</u>

Respectfully submitted,

/s/ Julia Hannah Weber

Julia Hannah Weber
Florida Bar No. 1045592
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 683-4338
julia.weber@southronfirm.com
eservice@southronfirm.com

Joseph F. Southron, Esq.
LEAD COUNSEL FOR PLAINTIFF
Florida Bar No. 122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 773-5103
joe@southronfirm.com
eservice@southronfirm.com

*Attorneys for Plaintiff*

41

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

**Registration Number**

## TX 9-544-174

**Effective Date of Registration:**
October 20, 2025
**Registration Decision Date:**
December 04, 2025

## Title

| | |
|---|---|
| **Title of Work:** | Urine Specimen Collection |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2014 |
| **Date of 1st Publication:** | November 15, 2014 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| • **Author:** | Certified Training Solutions, LLC |
| **Author Created:** | text |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Certified Training Solutions, LLC |
| | 222 41ST AVE NE, ST PETERSBURG, FL, 33703, United States |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | pre-existing and third party text |
| **New material included in claim:** | text |

## Rights and Permissions

| | |
|---|---|
| **Organization Name:** | Southron Firm, P.A. |
| **Address:** | 400 N Ashley Dr, |
| | Suite 1720 |
| | Tampa, Florida 33602 United States |

Exhibit A

## Certification

**Name:** Joseph Southron
**Date:** October 20, 2025

**Correspondence:** Yes

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

**Registration Number**

## TX 9-573-404

**Effective Date of Registration:**
March 03, 2026
**Registration Decision Date:**
April 08, 2026

## Title

**Title of Work:**   Urine Specimen Collection 2023 Edition

## Completion/Publication

**Year of Completion:**   2023
**Date of 1st Publication:**   January 23, 2023
**Nation of 1ˢᵗ Publication:**   United States

## Author

- **Author:**   Certified Training Solutions, LLC
  **Author Created:**   text
  **Work made for hire:**   Yes
  **Citizen of:**   United States

## Copyright Claimant

**Copyright Claimant:**   Certified Training Solutions LLC
222 41ST AVE NE, ST PETERSBURG, FL, 33703, United States

## Limitation of copyright claim

**Material excluded from this claim:**   text
**Previous registration and year:**   TX 9-544-174, 2014

**New material included in claim:**   text

## Rights and Permissions

**Organization Name:**   Southron Firm, P.A.
**Address:**   400 N Ashley Dr, Suite 1720
Tampa, Florida 33602 United States

Page 1 of 2

## Certification

        **Name:** Joseph Southron
        **Date:** February 04, 2026

        **Correspondence:** Yes

## IMPORTANT NOTICE:

- This course is copyrighted and is meant for one person only (solely the person this individual course was purchased for).
- You may NOT copy, print, reuse, or distribute any part of this electronic course in any form.
- Copying or printing of our online course pages/course content is prohibited.
- You may print only the provided documents and forms provided within the online course, if applicable.
- Certified Training Solutions rigorously protects our copyrighted material and investigates suspected violations.

Unauthorized reproduction and/or use of this training course will result in legal action and prosecution under U.S. Copyright laws.

By continuing this course, YOU AGREE:

- To abide by all copyright laws, and
- To not copy (electronically or otherwise), save, re-use, distribute, or utilize this online training course for any other person(s).

Example: You may not copy or re-use this material to train others. You agree and understand that you must purchase an additional course for each person.

📄 Question List

*Use the scroll-bar to the right to read and continue*

By continuing this training course, I understand and AGREE that I will not be qualified by Certified Training Solutions to teach Component 1 of Collector training under the Department of Transportation (DOT) Rules. (Component 1 is the Procedures training and Rules and Regulations training.)

 I understand and agree that I will be qualified to conduct the Proficiency Training ONLY with my trainees (hands-on training / Component 2).

I further AGREE that I will purchase a new and separate course for each and every specimen collector I train (at the Instructor-Discounted-Rate) from Certified Training Solutions.

I AGREE that I may train specimen collectors within my own facility, organization, or company ONLY.

I have read and agree to the Terms & Conditions listed on the previous page and repeated below:
-This course is copyrighted and is meant for one person only (solely the person this individual course was purchased for).
-You may NOT copy, print, reuse, or distribute any part of this electronic course in any form.
-Copying or printing of our online course pages/course content is prohibited.
-You may print only the provided documents and forms provided within the online course, if applicable.
-Certified Training Solutions rigorously protects our copyrighted material and investigates suspected violations.

Your Score: 0 of 10                                                    Question 1 of 1      **SUBMIT**



Question List

I have read and agree to the Terms & Conditions listed on the previous page and repeated below:
-This course is copyrighted and is meant for one person only (solely the person this individual course was purchased for).
-You may NOT copy, print, reuse, or distribute any part of this electronic course in any form.
-Copying or printing of our online course pages/course content is prohibited.
-You may print only the provided documents and forms provided within the online course, if applicable.
-Certified Training Solutions rigorously protects our copyrighted material and investigates suspected violations.
Unauthorized reproduction and/or use of this training course will result in legal action and prosecution under U.S. Copyright laws.
By continuing this course, YOU AGREE:
-To abide by all copyright laws, and
-To not copy (electronically or otherwise), save, re-use, distribute, or utilize this online training course for any other person(s).
-To purchase a new and individual training course for EACH person that you train.

**Correct**   ⌄

◉  I Agree.

Thank you. Your agreement is legally binding. Please remember your responsibilities.

◯  I do NOT

Your Score: 10 of 10                                      Question 1 of 1     **VIEW RESULTS**

 Question List

*Use the scroll-bar to the right to read and continue*

By continuing this training course, I understand and AGREE that I will not be qualified by Certified Training Solutions to teach Component 1 of Collector training under the Department of Transportation (DOT) Rules. (Component 1 is the Procedures training and Rules and Regulations training.)

I understand and agree that I will be qualified to conduct the Proficiency Training ONLY with my trainees (hands-on training / Component 2). I understand that I am not qualified, nor will I attempt to, teach component 1 (procedures training) to any other person.

I further AGREE that I will purchase a new and separate course for each and every specimen collector I train (at the Instructor-Discounted-Rate) from Certified Training Solutions LLC.

I AGREE that I may train specimen collectors within my own facility, organization, or company ONLY (i.e. my employees and my direct staff members). Training of outside persons or offering training services for a fee to others is strictly prohibited under our training program.

I have read and agree to the Terms & Conditions listed on the previous page and repeated below:

-This course is copyrighted and is meant for one person only (solely the person this individual course was purchased for). You may NOT copy, print, reuse, or distribute any part of this electronic course in any form. Copying or printing of our online course pages/course content is prohibited. You may print only the provided documents and forms provided within the online course, if applicable. Certified Training Solutions LLC rigorously protects our copyrighted material and investigates suspected violations. Unauthorized reproduction and/or use of this training course

Your Score: 0 of 10                                                                Question 1 of 1    **SUBMIT**

Question List

will result in legal action and prosecution under U.S. Copyright laws.
By continuing this course, YOU AGREE: To abide by all copyright laws, and to not copy (electronically or otherwise), save, re-use, distribute, or utilize this online training course for any other person(s). -To purchase a new and individual training course for EACH person that you train. By purchasing and completing any of Certified Training Solutions LLC's online and/or webcam or live Train-The-Trainer courses, you agree that you will train only staff/employees within your own company/clinic/facility.  In obtaining training/certification from Certified Training Solutions, you also agree that you will purchase a new and separate online course for each person that you train. You agree to pay Certified Training Solutions LLC the following remedy for breach of these terms:
1.      $100.00 for each BAT, STT, or Collector online procedures course that you did not purchase for each person you trained, and
2.      $400 for each person that you train outside of your own organization/company/facility as either a BAT, STT, or specimen collector.

If you do not agree, please exit now and contact us for a full refund. We strictly protect the terms of this agreement, including legal action for breaches of these terms.
If you breach these terms, you agree to pay all costs related to your breach including but not limited to: all attorney fees, legal fees, loss-of-revenue, above-stated fees for each person trained, and all additional court-ordered costs, fees, and judgments.

 I Agree.

Your Score: 0 of 10      Question 1 of 1    **SUBMIT**



## Four Rivers Law Firm

400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
www.fourriverslaw.com
people@fourriverslaw.com
Tel. (813) 773-5105
Fax. (813) 773-5103

April 7, 2025

**VIA ELECTRONIC MAIL & CERTIFIED MAIL:**
ConvenientMD
Attn: Legal Department
℅ Cameron Shilling, Esq. & Patrick Closson, Esq.
McLane Middleton, P.A.
900 Elm Street
Manchester, NH 03101
Email: cameron.shilling@mclane.com
Email: patrick.closson@mclane.com

**Re:    Certified Training Solutions, LLC's Cease-and-Desist Demand, Notice of Breach, Copyright Infringement, and Notice to Preserve Evidence**

Dear Mr. Shilling and Mr. Closson:

This firm represents Certified Training Solutions, LLC ("CTS"), a provider of professional certification programs and proprietary training materials related to Department of Transportation (DOT) specimen collection procedures.

CTS has obtained credible and substantiated information establishing that ConvenientMD, through its employees and training personnel, has engaged in unauthorized internal use, reproduction, and distribution of CTS's proprietary materials in violation of binding contractual terms and federal copyright law.

This correspondence constitutes a formal cease-and-desist demand, a notice of material breach, a notice of copyright infringement, and a directive to preserve all relevant evidence associated with the conduct at issue.

## I.    CONTRACTUAL VIOLATIONS

On or about February 17, 2021, Marie Hall, acting as Clinical Education Manager for ConvenientMD, purchased and completed CTS's Urine Collector Train-the-Trainer certification

1

course. As a precondition to accessing course content and obtaining certification, she was required to affirmatively agree to CTS's binding Terms and Conditions, which were presented during the online checkout process, embedded within the course modules, and again before final certification. CTS's learning management system (LMS) records confirm that Ms. Hall clicked "I AGREE" to those terms and completed the requisite quiz as evidence of acceptance.

The Terms and Conditions expressly prohibit trainers from teaching Component 1 of the certification (procedures and regulatory instruction) and require that a new and separate course be purchased for each trainee receiving hands-on proficiency training under Component 2. The terms further prohibit the copying, reproduction, distribution, or reuse of any course materials provided.

Despite these clear restrictions, CTS's LMS records indicate that while ConvenientMD purchased approximately forty-seven (47) Train-the-Trainer courses, it did not purchase any of the required procedures courses for its trainees. In written correspondence from her official ConvenientMD email address (mhall@convenientmd.com), Ms. Hall confirmed that internal training was being conducted, and she declined to identify what materials were being used in the absence of procedures course purchases—despite multiple requests. A true and correct copy of this correspondence is attached as **Exhibit A**. These facts give rise to a well-supported inference that CTS's proprietary content was reused or referenced in the development of internal instructional materials.

Further, CTS granted authorized trainers access to a Trainer Resource Page, hosted on CTS's website and secured by login credentials, which contained proprietary training forms, instructional content, and other materials intended exclusively for use by trainers who had purchased a procedures course for each and every trainee. This access was provided in reliance on the user's agreement to CTS's Terms and Conditions. Based on the breach described above, access to this restricted content has been revoked. Continued access or use of these materials by ConvenientMD personnel—without the required course purchases—constitutes an ongoing violation of the usage terms and further unauthorized use of CTS's proprietary assets.

A material breach occurs when a party fails to perform a contractual obligation that goes to the essence of the agreement or deprives the other party of the benefit of the bargain. ConvenientMD's failure to purchase the required course licenses, coupled with its admitted use of internal training programs in violation of those terms, constitutes a material breach of contract.

Exhibit 5

CTS relied on the licensing and purchase structure to protect the value and exclusivity of its intellectual property.

CTS reserves all rights to pursue available relief, including damages, injunctive enforcement of the usage terms, and attorneys' fees and costs, as permitted under applicable law. Nothing in this correspondence shall be construed as a waiver of any rights or remedies.

## II.    COPYRIGHT INFRINGEMENT

CTS's online procedures courses, instructional content, and accompanying materials are original works of authorship that fall squarely within the subject matter of copyright protection under 17 U.S.C. § 102(a), including literary works, audiovisual content, instructional design, and digital course architecture. These works are afforded full copyright protection under federal law from the moment of fixation in a tangible medium.

CTS has a good faith and reasonable basis to believe that ConvenientMD—acting through its training personnel, including Marie Hall—copied, reproduced, or derived internal instructional materials from CTS's copyrighted content without authorization. This suspected misuse encompasses, but is not limited to, the unauthorized use of CTS's proprietary slides, procedural language, course design, instructional prompts, and training flow, including possible screenshots, paraphrased modules, and re-used training forms.

If proven, such actions would constitute willful copyright infringement in violation of 17 U.S.C. § 501(a). Given that trainers acting on behalf of ConvenientMD, including Ms. Hall, expressly agreed not to copy or distribute CTS's course content—and subsequently declined to identify what materials were being used internally—the inference of deliberate copying is both reasonable and well-founded at this stage.

CTS expressly reserves the right to pursue all available remedies under the Copyright Act, including injunctive relief, actual damages and profits, or, alternatively, statutory damages of up to $150,000.00 per work infringed for willful violations, along with attorneys' fees and costs pursuant to 17 U.S.C. §§ 504–505.

## III.    DEMAND FOR CESSATION AND ACCOUNTING

CTS hereby demands that ConvenientMD immediately cease and desist from any further use, reproduction, distribution, or internal training involving CTS's proprietary training

materials, including but not limited to any derivative content, adapted modules, or instructional materials based on or referencing CTS course content.

To assist in resolving this matter and assessing the full scope of unauthorized use, CTS respectfully requests that the following be provided in writing within fifteen (15) calendar days of receipt of this letter:

1. A list of all personnel trained internally by ConvenientMD in DOT specimen collection procedures from 2014 to the present, including approximate dates of such training;

2. A description of all materials, documents, curricula, or instructional tools used in connection with that training;

3. Identification of all individuals employed by ConvenientMD who completed CTS's Train-the-Trainer course and have been involved in the delivery of internal training.

This information is essential to CTS's assessment of the scope and impact of the unauthorized use of its materials and will inform any further steps CTS may consider to protect its rights. A failure to respond or cooperate fully may be considered further evidence of noncompliance with the contractual and intellectual property restrictions already in place.

## IV.    NOTICE TO PRESERVE EVIDENCE

ConvenientMD, along with its employees, agents, and personnel under its control, is hereby placed on formal notice of its legal obligation to preserve all documents, communications, and electronically stored information ("ESI") relevant to the matters addressed in this correspondence. This duty arises under applicable common law and procedural rules and is triggered as of the date of receipt of this letter.

This obligation includes, without limitation, the preservation of all internal and external communications, training documents, course content, trainee rosters, LMS access logs, certificates, emails, and any physical or digital copies of materials referencing or derived from CTS's proprietary training content.

ConvenientMD must take affirmative steps to prevent the deletion, alteration, overwriting, or destruction of any such information, whether in the possession of individuals, stored on centralized servers, or managed by third-party vendors, cloud providers, or IT support personnel. This duty extends to backups, archives, personal devices used for business purposes, and remote-access systems..

Exhibit E

Failure to preserve such evidence may constitute spoliation and could result in sanctions or adverse legal consequences, including evidentiary preclusion, adverse inference instructions, monetary sanctions, or other appropriate remedies under applicable law.

## V.   CONCLUSION

CTS considers the violations outlined above to be serious and ongoing, and it expects full and immediate compliance with the directives set forth in this letter. The unauthorized use of CTS's proprietary training materials—combined with the failure to adhere to express contractual obligations—has caused and continues to cause harm to CTS's intellectual property interests and business operations. CTS hereby requests that the information referenced above be provided in writing within fifteen (15) calendar days of receipt of this letter.

This correspondence is submitted in good faith and with the expectation that the issues described herein will be addressed promptly. Nothing contained in this letter shall be construed as a waiver of CTS's rights, all of which are expressly reserved.

Please govern yourselves accordingly.

Sincerely,

*Joseph F. Southron*

Joseph F. Southron, Esq.
Partner, Four Rivers Law Firm
*Counsel for Certified Training Solutions, LLC*

5

# EXHIBIT A



JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Certified Training Solutions, LLC

**DEFENDANTS**

ConvenientMD, LLC, Diane Willey, Marie Hall, Caitlin Morse, Melody Barry, Derek Nelson, Katelyn Dalton, Diana [+]

**(b)** County of Residence of First Listed Plaintiff    Pinellas County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joseph Southron & Julia Weber, Southron Firm, P.A.
400 N. Ashley Drive, Ste 1720, Tampa, FL 33602

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☒ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |

**PERSONAL INJURY** (column 2): ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**LABOR**: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** |
| | ☐ 448 Education | ☐ 540 Mandamus & Other |
| | | ☐ 550 Civil Rights |
| | | ☐ 555 Prison Condition |
| | | ☐ 560 Civil Detainee - Conditions of Confinement |

**FEDERAL TAX SUITS**: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**: ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. § 501
Brief description of cause:
Copyright infringement and related breaches of contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.     DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Apr 22, 2026 | /s/ Julia Hannah Weber |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida   ▾

| | |
|---|---|
| CERTIFIED TRAINING SOLUTIONS, LLC | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| | ) |
| v. | ) |
| | ) |
| CONVENIENTMD, LLC, DIANE WILLEY, | ) |
| MARIE HALL, CAITLIN MORSE, | ) |
| MELODY BARRY, DEREK NELSON, | ) |
| KATELYN DALTON, DIANA TERESHCHUK, | ) |
| and VICTORIA CLINE | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ConvenientMD, LLC
c/o its Registered Agent
CT Corporation
155 Federal St, Ste 700
Boston, MA 02110

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Joseph F. Southron and Julia Weber
Southron Firm, P.A.
400 N. Ashley Dr., Suite 1720
Tampa, FL 33602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:        04/21/2026

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida ▼

| | |
|---|---|
| CERTIFIED TRAINING SOLUTIONS, LLC | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| CONVENIENTMD, LLC, DIANE WILLEY, MARIE HALL, CAITLIN MORSE, MELODY BARRY, DEREK NELSON, KATELYN DALTON, DIANA TERESHCHUK, and VICTORIA CLINE | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Marie Hall
333 Borthwick Ave
Portsmouth, NH 03801

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Joseph F. Southron and Julia Weber
Southron Firm, P.A.
400 N. Ashley Dr., Suite 1720
Tampa, FL 33602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  04/21/2026

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by <u>Fed. R. Civ. P. 4</u> (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: