

**Four Rivers Law Firm**

400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
www.fourriverslaw.com
people@fourriverslaw.com
Tel. (813) 773-5105
Fax. (813) 773-5103

April 7, 2025

<u>**VIA ELECTRONIC MAIL & CERTIFIED MAIL:**</u>
ConvenientMD
Attn: Legal Department
℅ Cameron Shilling, Esq. & Patrick Closson, Esq.
McLane Middleton, P.A.
900 Elm Street
Manchester, NH 03101
Email: cameron.shilling@mclane.com
Email: patrick.closson@mclane.com

**Re:    Certified Training Solutions, LLC's Cease-and-Desist Demand, Notice of Breach, Copyright Infringement, and Notice to Preserve Evidence**

Dear Mr. Shilling and Mr. Closson:

This firm represents Certified Training Solutions, LLC ("CTS"), a provider of professional certification programs and proprietary training materials related to Department of Transportation (DOT) specimen collection procedures.

CTS has obtained credible and substantiated information establishing that ConvenientMD, through its employees and training personnel, has engaged in unauthorized internal use, reproduction, and distribution of CTS's proprietary materials in violation of binding contractual terms and federal copyright law.

This correspondence constitutes a formal cease-and-desist demand, a notice of material breach, a notice of copyright infringement, and a directive to preserve all relevant evidence associated with the conduct at issue.

## I.    CONTRACTUAL VIOLATIONS

On or about February 17, 2021, Marie Hall, acting as Clinical Education Manager for ConvenientMD, purchased and completed CTS's Urine Collector Train-the-Trainer certification

1

course. As a precondition to accessing course content and obtaining certification, she was required to affirmatively agree to CTS's binding Terms and Conditions, which were presented during the online checkout process, embedded within the course modules, and again before final certification. CTS's learning management system (LMS) records confirm that Ms. Hall clicked "I AGREE" to those terms and completed the requisite quiz as evidence of acceptance.

The Terms and Conditions expressly prohibit trainers from teaching Component 1 of the certification (procedures and regulatory instruction) and require that a new and separate course be purchased for each trainee receiving hands-on proficiency training under Component 2. The terms further prohibit the copying, reproduction, distribution, or reuse of any course materials provided.

Despite these clear restrictions, CTS's LMS records indicate that while ConvenientMD purchased approximately forty-seven (47) Train-the-Trainer courses, it did not purchase any of the required procedures courses for its trainees. In written correspondence from her official ConvenientMD email address (mhall@convenientmd.com), Ms. Hall confirmed that internal training was being conducted, and she declined to identify what materials were being used in the absence of procedures course purchases—despite multiple requests. A true and correct copy of this correspondence is attached as **Exhibit A**. These facts give rise to a well-supported inference that CTS's proprietary content was reused or referenced in the development of internal instructional materials.

Further, CTS granted authorized trainers access to a Trainer Resource Page, hosted on CTS's website and secured by login credentials, which contained proprietary training forms, instructional content, and other materials intended exclusively for use by trainers who had purchased a procedures course for each and every trainee. This access was provided in reliance on the user's agreement to CTS's Terms and Conditions. Based on the breach described above, access to this restricted content has been revoked. Continued access or use of these materials by ConvenientMD personnel—without the required course purchases—constitutes an ongoing violation of the usage terms and further unauthorized use of CTS's proprietary assets.

A material breach occurs when a party fails to perform a contractual obligation that goes to the essence of the agreement or deprives the other party of the benefit of the bargain. ConvenientMD's failure to purchase the required course licenses, coupled with its admitted use of internal training programs in violation of those terms, constitutes a material breach of contract.

CTS relied on the licensing and purchase structure to protect the value and exclusivity of its intellectual property.

CTS reserves all rights to pursue available relief, including damages, injunctive enforcement of the usage terms, and attorneys' fees and costs, as permitted under applicable law. Nothing in this correspondence shall be construed as a waiver of any rights or remedies.

## II.    COPYRIGHT INFRINGEMENT

CTS's online procedures courses, instructional content, and accompanying materials are original works of authorship that fall squarely within the subject matter of copyright protection under 17 U.S.C. § 102(a), including literary works, audiovisual content, instructional design, and digital course architecture. These works are afforded full copyright protection under federal law from the moment of fixation in a tangible medium.

CTS has a good faith and reasonable basis to believe that ConvenientMD—acting through its training personnel, including Marie Hall—copied, reproduced, or derived internal instructional materials from CTS's copyrighted content without authorization. This suspected misuse encompasses, but is not limited to, the unauthorized use of CTS's proprietary slides, procedural language, course design, instructional prompts, and training flow, including possible screenshots, paraphrased modules, and re-used training forms.

If proven, such actions would constitute willful copyright infringement in violation of 17 U.S.C. § 501(a). Given that trainers acting on behalf of ConvenientMD, including Ms. Hall, expressly agreed not to copy or distribute CTS's course content—and subsequently declined to identify what materials were being used internally—the inference of deliberate copying is both reasonable and well-founded at this stage.

CTS expressly reserves the right to pursue all available remedies under the Copyright Act, including injunctive relief, actual damages and profits, or, alternatively, statutory damages of up to $150,000.00 per work infringed for willful violations, along with attorneys' fees and costs pursuant to 17 U.S.C. §§ 504–505.

## III.    DEMAND FOR CESSATION AND ACCOUNTING

CTS hereby demands that ConvenientMD immediately cease and desist from any further use, reproduction, distribution, or internal training involving CTS's proprietary training

3

materials, including but not limited to any derivative content, adapted modules, or instructional materials based on or referencing CTS course content.

To assist in resolving this matter and assessing the full scope of unauthorized use, CTS respectfully requests that the following be provided in writing within fifteen (15) calendar days of receipt of this letter:

1. A list of all personnel trained internally by ConvenientMD in DOT specimen collection procedures from 2014 to the present, including approximate dates of such training;

2. A description of all materials, documents, curricula, or instructional tools used in connection with that training;

3. Identification of all individuals employed by ConvenientMD who completed CTS's Train-the-Trainer course and have been involved in the delivery of internal training.

This information is essential to CTS's assessment of the scope and impact of the unauthorized use of its materials and will inform any further steps CTS may consider to protect its rights. A failure to respond or cooperate fully may be considered further evidence of noncompliance with the contractual and intellectual property restrictions already in place.

## IV.    NOTICE TO PRESERVE EVIDENCE

ConvenientMD, along with its employees, agents, and personnel under its control, is hereby placed on formal notice of its legal obligation to preserve all documents, communications, and electronically stored information ("ESI") relevant to the matters addressed in this correspondence. This duty arises under applicable common law and procedural rules and is triggered as of the date of receipt of this letter.

This obligation includes, without limitation, the preservation of all internal and external communications, training documents, course content, trainee rosters, LMS access logs, certificates, emails, and any physical or digital copies of materials referencing or derived from CTS's proprietary training content.

ConvenientMD must take affirmative steps to prevent the deletion, alteration, overwriting, or destruction of any such information, whether in the possession of individuals, stored on centralized servers, or managed by third-party vendors, cloud providers, or IT support personnel. This duty extends to backups, archives, personal devices used for business purposes, and remote-access systems..

Failure to preserve such evidence may constitute spoliation and could result in sanctions or adverse legal consequences, including evidentiary preclusion, adverse inference instructions, monetary sanctions, or other appropriate remedies under applicable law.

## V.   CONCLUSION

CTS considers the violations outlined above to be serious and ongoing, and it expects full and immediate compliance with the directives set forth in this letter. The unauthorized use of CTS's proprietary training materials—combined with the failure to adhere to express contractual obligations—has caused and continues to cause harm to CTS's intellectual property interests and business operations. CTS hereby requests that the information referenced above be provided in writing within fifteen (15) calendar days of receipt of this letter.

This correspondence is submitted in good faith and with the expectation that the issues described herein will be addressed promptly. Nothing contained in this letter shall be construed as a waiver of CTS's rights, all of which are expressly reserved.

Please govern yourselves accordingly.

Sincerely,

*Joseph F. Southron*

Joseph F. Southron, Esq.
Partner, Four Rivers Law Firm
*Counsel for Certified Training Solutions, LLC*

# **EXHIBIT A**



RE: Urine Collector Trainer/Instructor Inquiry Email w/Application  (External) ▸  Inbox ×

+ Summarize this email

**Marie Hall**                                                                                          Mon, Mar 17, 12:50 PM (2 days ago)   ☆   ↩   ⋮
to me, Greg, Celina, Cameron, Patrick ▾

Lisa,

Thank you for your email. In light of your response, ConvenientMD has decided to use a different vendor to provide this instructor training course for our employees. Until your March 10 email, ConvenientMD was unaware that Certified Training Solutions had changed its program to require a purchase from Certified Training Solutions of online procedures courses for trainees. The ConvenientMD employees who attended the instructor training course since Certified Training Solutions implemented that change did not have the authority to bind ConvenientMD to such contract terms. If Certified Training Solutions had wanted to implement such a change to the terms of the relationship with ConvenientMD, Certified Training Solutions should have addressed the matter with ConvenientMD directly, rather than in an online pop-up to users. If you would like to pursue this matter further, please direct your communications to our attorneys, Cameron Shilling and Patrick Clossin at McLane Middleton, who are copied here.

Thank you.

**Marie Hall BSN, RN**
**Clinical Education Manager**
ConvenientMD Urgent Care
📞 Mobile: (603)-380-6435
☎ Office: (603)-397-3224
✉ mhall@ConvenientMD.com
✔**convenient**MD

6