# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CERTIFIED TRAINING SOLUTIONS, LLC,
a Florida limited liability company,

      Plaintiff,

        v.

CONVENIENTMD, LLC, DIANE WILLEY,
MARIE HALL, CAITLIN MORSE,
MELODY BARRY, DEREK NELSON,
KATELYN DALTON, DIANA
TERESHCHUK,
and VICTORIA CLINE,

      Defendants.

_____/

Case No.: 8:26-cv-01156-CEH-CPT

## <u>MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE</u>

Plaintiff Certified Training Solutions, LLC ("Plaintiff" or "CTS"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(m), for an order extending the time within which Plaintiff must complete service of process on Defendants, Diane Willey, Caitlin Morse, Melody Barry, Derek Nelson, Katelyn Dalton, Diana Tereshchuk, and Victoria Cline (collectively, the "Unserved Individual Defendants"), and in support states as follows:

1. Plaintiff filed its Complaint on April 22, 2026, naming Defendant ConvenientMD, LLC and the Unserved Individual Defendants, together with Defendant Marie Hall. Doc. # 1.

2.      Defendants ConvenientMD, LLC and Marie Hall (the "Appearing Defendants") were served, have appeared through counsel, and have been actively litigating this action. The Unserved Individual Defendants have not been served with process and have not appeared.

3.      Plaintiff has diligently searched for the Unserved Individual Defendants in order to effectuate service of process since filing this action.

4.      Plaintiff was in the process of locating the Unserved Individual Defendants for service when counsel for Appearing Defendants, Cameron G. Shilling, Esq., reached out on May 15, 2026 and indicated that he believed he would be able to accept for many if not all of the Defendants.

5.      While the Appearing Defendants have been actively litigating this matter, including by the filing of a Motion to Dismiss directed at the original Complaint, the parties have continued to discuss whether counsel for the Appearing Defendants would accept service on behalf of the Unserved Individual Defendants.

6.      Counsel for the Appearing Defendants has not yet stated he has authority to do so. On July 8, 2026, Mr. Shilling advised that he was still in the process of obtaining representation authority from the Unserved Individual Defendants, with the exception of one individual he represented had been unreachable, and that he would confirm which of them his firm would accept service for.

2

7.    As of the filing of this Motion, Mr. Shilling has not indicated that he has completed securing representation for the Unserved Individual Defendants, and his firm has not agreed to accept service on their behalf.

8.    On July 16, 2026, Plaintiff filed its Amended Complaint, which names the same Defendants as the original Complaint and remains the operative pleading in this action. Doc. # 21. The Unserved Individual Defendants have not yet been served with either the original Complaint or the First Amended Complaint.

9.    In light of the foregoing, Plaintiff requests a modest extension of time to complete service, whether informally through counsel or, if necessary, through formal process, on the remaining Unserved Individual Defendants.

10.    Plaintiff respectfully requests that the Court extend the time for Plaintiff to complete service of process on the Unserved Individual Defendants by forty-five (45) days, or up to and including September 8, 2026, or such further period as the Court deems appropriate.

<b><u>MEMORANDUM OF LAW IN SUPPORT</u></b>

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

3

"Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation omitted). But even absent a showing of good cause, "a district court has the discretion to extend the time for service of process." *Id.* (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)).

Where a plaintiff fails to show good cause, the district court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case" before dismissing an action or a defendant from it. *Lepone-Dempsey*, 476 F.3d at 1282. The Eleventh Circuit has looked to the Advisory Committee Note to Rule 4(m) for guidance on the factors relevant to that discretionary inquiry, including whether the defendant is evading service or has concealed a defect in attempted service. *Horenkamp*, 402 F.3d at 1132–33.

## A. Plaintiff has diligently pursued service, and the delay is attributable to an ongoing, cooperative process with defense counsel rather than to Plaintiff's neglect.

Plaintiff has not been idle. Plaintiff was in the process of locating the Unserved Individual Defendants for service when Mr. Shilling, lead counsel for the two Defendants already served and appearing in this action, reached out on May 15, 2026, and indicated that his firm was working to secure representation for all of the Unserved Individual Defendants, several of whom are ConvenientMD personnel. Plaintiff reasonably deferred to that representation

4

and has since diligently followed up to ask whether his firm would accept service on the Unserved Individual Defendants' behalf.

On July 8, Mr. Shilling advised that he was still working to secure representation for all but one of them. He has not yet indicated that he has done so, and his firm has not agreed to accept service on their behalf. Plaintiff has not inadvertently or negligently failed to effectuate service on the remaining Unserved Individual Defendants, but rather has reasonably deferred to an ongoing, good-faith representation from opposing counsel that has taken longer than anticipated to bear out.

## B. Even absent a finding of good cause, the Court should exercise its discretion under Rule 4(m) to grant the requested extension.

Rule 4(m) grants district courts discretion to extend the time for service even where good cause is not shown. *Horenkamp*, 402 F.3d at 1132. The extension Plaintiff requests is modest, and granting it will work no prejudice on any party. Defendants ConvenientMD and Hall have been served, have appeared, and have been actively litigating this action for months; the case remains at the pleading stage, no scheduling order has yet issued, and no trial date has been set.

The Unserved Individual Defendants, for their part, are likely already aware of this litigation, as representations from the Appearing Defendants' counsel would suggest. Granting a brief, specified extension will allow Plaintiff to complete service in an orderly fashion, through counsel where possible and

5

through formal process otherwise, without disrupting the progress of the case. In the event counsel will not accept service on their behalf, Plaintiff requires the additional time to complete investigation to locate the remaining Unserved Individual Defendants in order to effectuate formal process under Rule 4.

Rule 4(m) expressly contemplates this relief: rather than dismissal, the Court may "order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff respectfully requests that the Court do so here, setting a specified period, through and including September 8, 2026, within which Plaintiff shall complete service of the First Amended Complaint on the Unserved Individual Defendants.

WHEREFORE, Plaintiff Certified Training Solutions, LLC respectfully requests that this Court enter an Order extending the time for Plaintiff to complete service of process on Defendants, Diane Willey, Caitlin Morse, Melody Barry, Derek Nelson, Katelyn Dalton, Diana Tereshchuk, and Victoria Cline, up to and including September 8, 2026, or such other period as the Court deems just and proper, and grant such other and further relief as the Court deems appropriate.

## Local Rule 3.01(g) Certification

The movant listed below certifies that she has attempted to confer with the opposing party in good faith by contacting all counsel of record for the Appearing Defendants by email on July 22 and 23, 2026 but has not received a response or position on the relief requested herein. Plaintiff will supplement this Certification pursuant to Local Rule 3.01(g)(3).

Dated: <u>July 23, 2026.</u>

Respectfully submitted,

<u>/s/ Julia Hannah Weber</u>
Julia Hannah Weber
Florida Bar No. 1045592
Joseph F. Southron, Esq.
Florida Bar No. 122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 683-4338
julia.weber@southronfirm.com
joe@southronfirm.com
eservice@southronfirm.com

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on July 23, 2026, with the Court via CM/ECF system, which will send notification of such filing to all parties and counsel of record.

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592
*For the Firm*
