**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CERTIFIED TRAINING SOLUTIONS, LLC,
a Florida limited liability company,

Plaintiff,

Case No.: 8:26-cv-01156-CEH-CPT

v.

CONVENIENTMD, LLC, DIANE WILLEY,
MARIE HALL, CAITLIN MORSE,
MELODY BARRY, DEREK NELSON,
KATELYN DALTON, DIANA
TERESHCHUK,
and VICTORIA CLINE,

Defendants.
_______________________________________/

**SECOND MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE**

Plaintiff Certified Training Solutions, LLC ("Plaintiff" or "CTS"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(m), for an order extending the time within which Plaintiff must complete service of process on Defendant Victoria Cline ("Defendant Cline"), and in support states as follows:

1. Plaintiff filed its Complaint on April 22, 2026, naming Defendant ConvenientMD, LLC and eight individual Defendants, including Defendant Cline. Doc. # 1.

2. Defendants ConvenientMD, LLC and Marie Hall were served in May, first appeared through counsel when filing a Motion for extension of time

to respond to the Complaint on May 26, 2026 at Doc. # 8, and have been actively litigating this action since then.

3. After counsel for ConvenientMD, LLC and Marie Hall, Cameron G. Shilling, Esq., reached out to Plaintiff's counsel indicating he believed he would be able to accept for many if not all of the Defendants, Plaintiff held attempts to serve the remaining individual Defendants while the parties discussed whether defense counsel would accept service on behalf of the remaining individual Defendants.

4. Ultimately, defense counsel indicated he would not accept service on behalf of the remaining individual Defendants. Accordingly, Plaintiff resumed its efforts to serve the remaining individual Defendants with process.

5. Due to the delay resulting from talks with defense counsel of accepting service on the remaining defendants' behalf, Plaintiff sought an extension of time to effectuate service on the remaining individual Defendants. Doc. # 24.

6. On July 31, 2026, the Court granted Plaintiff an extension of time to September 8, 2026, by which to effectuate service on the remaining individual Defendants. Doc. # 29. The Court found that, because of Plaintiff's representations regarding the delay in serving the remaining Defendants, good cause existed pursuant to Rule 4(m) for an extension of time to serve process. *Id.*

7. Plaintiff has since timely served six of the seven remaining individual Defendants: Diane Willey (Doc. # 46); Caitlin Morse (Doc. # 36); Melody Barry (Doc. # 45); Derek Nelson (Doc. # 43); Katelyn Dalton (Doc. # 33); and Diana Tereshchuk (Doc. # 32).

8. Plaintiff has not yet served Defendant Cline. Plaintiff has made diligent efforts to locate Defendant Cline, and since obtaining the extension, has made attempts to serve her at two addresses, and investigated a third address.

9. According to Plaintiff's process servers, Defendant Cline moved out of all two of the addresses that Plaintiff has located thus far. *See* Exhibit A, Exhibit B.

10. Plaintiff has not yet located Defendant Cline but, as of the date of this filing, is actively continuing its efforts to do so.

11. In the meantime, counsel for ConvenientMD, LLC and Marie Hall filed a Motion for extension of time for Defendants Willey, Morse, Barry, Dalton, and Tereshchuk to respond to the Amended Complaint. Doc. # 40. The Court granted those individual Defendants an extension to September 30, 2026 to respond to the pleadings.

12. In light of the foregoing, Plaintiff requests a further extension of time to effectuate service on the one remaining individual Defendant in this case, Defendant Cline.

13. Plaintiff respectfully requests that the Court extend the time for Plaintiff to service Defendant Cline with process by an additional thirty (30) days, or up to and including October 8, 2026, or such further period as the Court deems appropriate.

**MEMORANDUM OF LAW IN SUPPORT**

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation omitted). But even absent a showing of good cause, "a district court has the discretion to extend the time for service of process." *Id.* (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)).

Where a plaintiff fails to show good cause, the district court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case" before dismissing an action or a defendant from it. *Lepone-Dempsey*, 476 F.3d at 1282. The Eleventh Circuit has looked to the Advisory Committee Note to Rule 4(m) for guidance on the factors relevant to

that discretionary inquiry, including whether the defendant is evading service or has concealed a defect in attempted service. *Horenkamp*, 402 F.3d at 1132–33.

**A. Plaintiff has diligently pursued service in light of delays resulting from collaborative communications with opposing counsel.**

Plaintiff previously established good cause for an extension of time to effectuate service on the remaining individual Defendants due to the ongoing communications with defense counsel for them to accept service on behalf of the individual Defendants. Doc. # 29. It was Plaintiff's reasonable deference to defense counsel's representations that he was working to secure representation for all of the individual Defendants that originally caused delay in service of process. *See* Doc. # 24 at 2–3, 4–5. When Plaintiff could not timely serve seven of the individual Defendants, it sought and was granted a 45-day extension to locate and serve them. Doc. # 29. Since obtaining that extension, Plaintiff diligently searched for, located, and served six of the remaining seven Defendants. Only Defendant Cline is yet to be served as of the extended deadline of September 8, 2026.

Plaintiff has diligently pursued efforts to serve Defendant Cline, just as with the other six remaining defendants. Plaintiff's process server learned that Defendant Cline moved from the original address Plaintiff had located for her. Exhibit A. Plaintiff located a second possible address for service, which Plaintiff's process server learned was Defendant Cline's mother's address. Exhibit B.

However, Defendant Cline had moved from her mother's address as well. *Id.* Plaintiff located and investigated a third address, but learned the address was vacant and Defendant Cline had either moved from there or had not resided there. Plaintiff continues to investigate potential addresses for service.

Plaintiff has not inadvertently or negligently failed to effectuate service on Defendant Cline, but rather has diligently and vigorously searched for a good address for service of process. The delay in serving Defendant Cline is not the result of any disregard for deadlines or the rules, but simply the result of reasonable reliance on research and professional investigation which simply has not yet resulted in locating Defendant Cline.

**B. Even absent a finding of good cause, the Court should exercise its discretion under Rule 4(m) to grant a further extension.**

Rule 4(m) grants district courts discretion to extend the time for service even where good cause is not shown. *Horenkamp*, 402 F.3d at 1132. Plaintiff requests a second, shorter extension to serve one last Defendant, and no prejudice to any other party would result from such an extension. All other defendants in this case have been served, have appeared, and have all been granted extensions of their own to respond to the pleadings. The case also remains in the pleading stage due to a pending Motion to Dismiss, no scheduling order has issued, and no trial date has been set yet.

Plaintiff believes that Defendant Cline is aware of the litigation, based on representations from defense counsel. The original delay in attempting service on Defendant Cline and the other individual Defendants was the result of good faith efforts to coordinate service of process with defense counsel. This Court found good cause existed for a 45-day extension for that reason. Doc. # 29. Were Plaintiff still within the original ninety-day window to serve process per Rule 4, it would have forty-five more days to serve Defendant Cline. Plaintiff seeks less than that to locate and serve her: thirty more days. Rule 4(m) expressly provides that the Court may "order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff respectfully requests that the Court set a specified period through and including October 8, 2026, within which Plaintiff shall complete service of the Amended Complaint on Defendant Cline, the last un-served defendant in this case.

WHEREFORE, Plaintiff Certified Training Solutions, LLC respectfully requests that this Court enter an Order extending the time for Plaintiff to complete service of process on Defendant Victoria Cline, up to and including October 8, 2026, or such other period as the Court deems just and proper, and grant such other and further relief as the Court deems appropriate.

## Local Rule 3.01(g) Certification

The movant listed below certifies that she has attempted to confer with the opposing party in good faith by contacting all counsel of record for Defendants, ConvenientMD, LLC, Marie Hall, Diane Willey, Caitlin Morse, Melody Barry, Katlyn Dalton, and Diana Tereshchuk, by email on September 8, 2026, but has not received a response or position on the relief requested herein. Plaintiff will supplement this Certification pursuant to Local Rule 3.01(g)(3).

Dated: September 8, 2026.

Respectfully submitted,

/s/ Julia Hannah Weber

Julia Hannah Weber
Florida Bar No. 1045592
Joseph F. Southron, Esq.
Florida Bar No. 122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 683-4338
julia.weber@southronfirm.com
joe@southronfirm.com
eservice@southronfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on September 8, 2026, with the Court via CM/ECF system, which will send notification of such filing to all parties and counsel of record.

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592
*For the Firm*