**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CERTIFIED TRAINING SOLUTIONS, LLC,
a Florida limited liability company,

Plaintiff,

Case No.: 8:26-cv-01156-CEH-CPT

v.

CONVENIENTMD, LLC, DIANE WILLEY,
MARIE HALL, CAITLIN MORSE,
MELODY BARRY, DEREK NELSON,
KATELYN DALTON, DIANA
TERESHCHUK,
and VICTORIA CLINE,

Defendants.
_______________________________________/

**THIRD MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE**

Plaintiff Certified Training Solutions, LLC ("Plaintiff" or "CTS"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 4(m), for an order extending the time within which Plaintiff must complete service of process on Defendant Victoria Cline ("Defendant Cline"), and in support states as follows:

1. Plaintiff filed its Complaint on April 22, 2026, naming Defendant ConvenientMD, LLC and eight individual Defendants, including Defendant Cline. Doc. # 1.

2. Defendants ConvenientMD, LLC and Marie Hall were served in May, first appeared through counsel when filing a Motion for extension of time

to respond to the Complaint on May 26, 2026 at Doc. # 8, and have been actively litigating this action since then.

3. After counsel for ConvenientMD, LLC and Marie Hall, Cameron G. Shilling, Esq., reached out to Plaintiff's counsel indicating he believed he would be able to accept for many if not all of the Defendants, Plaintiff held attempts to serve the remaining individual Defendants while the parties discussed whether defense counsel would accept service on behalf of the remaining individual Defendants. *See* Doc. # 24 at 2, 4.

4. Ultimately, defense counsel indicated he would not accept service on behalf of the remaining individual Defendants. Accordingly, Plaintiff resumed its efforts to serve the remaining individual Defendants with process.

5. Due to the delay resulting from talks with defense counsel of accepting service on the remaining defendants' behalf, Plaintiff sought an extension of time to effectuate service on the remaining individual Defendants. Doc. # 24.

6. On July 31, 2026, the Court granted Plaintiff an extension of time to September 8, 2026, by which to effectuate service on the remaining individual Defendants. Doc. # 29. The Court found that, because of Plaintiff's representations regarding the delay in serving the remaining Defendants, good cause existed pursuant to Rule 4(m) for an extension of time to serve process. *Id.*

7. Plaintiff then timely served six of the seven remaining individual Defendants: Diane Willey (Doc. # 46); Caitlin Morse (Doc. # 36); Melody Barry (Doc. # 45); Derek Nelson (Doc. # 43); Katelyn Dalton (Doc. # 33); and Diana Tereshchuk (Doc. # 32).

8. Plaintiff then timely sought a second extension of time to effectuate service on Defendant Cline, the one remaining individual Defendant. Doc. # 47. Defendants did not oppose that request. Doc. # 48. On September 14, 2026, the Court again found good cause pursuant to Rule 4(m) to extend the time for service and ordered that Plaintiff shall have until October 8, 2026, to effectuate service. Doc. # 49.

9. Plaintiff has not yet served Defendant Cline. Plaintiff has made diligent efforts to locate Defendant Cline, and since obtaining the extensions, has investigated four addresses and made attempts to serve her at three of them.

10. According to Plaintiff's process servers, Defendant Cline moved out of the first two addresses that Plaintiff located. *See* Doc. # 47-1; Doc. # 47-2. Defendant Cline either never resided at or moved out of the third address investigated by Plaintiff's process server.

11. Plaintiff has since located a fourth address for Defendant Cline through a public records search, where it was listed as her address in Ohio state public voter registration records, and Plaintiff's process server attempted service

there. That address also proved to be a bad address for Defendant Cline. *See* Exhibit A.

12. Plaintiff has not yet located Defendant Cline but, as of the date of this filing, is still vigorously attempting to do so.

13. Plaintiff has now engaged a private investigator to investigate Defendant Cline and to locate additional potential addresses for service, including potential home and work addresses. If Plaintiff is unable to locate Defendant Cline within the requested extension, Plaintiff will assess alternate means of service pursuant to Rule 4.

14. On October 8, 2026, Plaintiff reiterated its request that counsel for ConvenientMD, LLC and Marie Hall accept service on Defendant Cline's behalf. It is clear that defense counsel will represent Defendant Cline once she is served, as they have represented all of the other individual Defendants that Plaintiff had to track down and serve. *See* Doc. # 53. As of the filing of this Motion, defense counsel has stated they will look into the request.

15. In the meantime, counsel for all the other Defendants filed two motions for extension of time for the other individual Defendants to respond to the Amended Complaint. Docs. ## 40, 53. The Court granted both. Docs. ## 42, 54. The current deadline for all other individual Defendants, besides Defendant Hall, to respond to the Amended Complaint is October 30, 2026. Doc. # 54.

Plaintiff anticipates that Defendants will seek another extension as result of Plaintiff filing the instant Motion.

16. In light of the foregoing, Plaintiff requests a further extension of time to effectuate service on the one remaining individual Defendant in this case, Defendant Cline.

17. Plaintiff respectfully requests that the Court extend the time for Plaintiff to service Defendant Cline with process by an additional thirty (30) days, or up to and including November 9, 2026 or such further period as the Court deems appropriate.

**MEMORANDUM OF LAW IN SUPPORT**

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Good cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation omitted). But even absent a showing of good cause, "a district court has the discretion to extend the time for service of process." *Id.* (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)).

Where a plaintiff fails to show good cause, the district court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case" before dismissing an action or a defendant from it. *Lepone-Dempsey*, 476 F.3d at 1282. The Eleventh Circuit has looked to the Advisory Committee Note to Rule 4(m) for guidance on the factors relevant to that discretionary inquiry, including whether the defendant is evading service or has concealed a defect in attempted service. *Horenkamp*, 402 F.3d at 1132–33.

**A. Plaintiff has diligently pursued service in light of delays resulting from collaboration with opposing counsel and difficulty locating Defendant Cline despite continued efforts.**

Plaintiff previously established good cause for an extension of time to effectuate service on the remaining individual Defendants due to the ongoing communications with defense counsel for them to accept service on behalf of the individual Defendants. Doc. # 29. The Court found good cause to grant Plaintiff two prior extensions of time to serve the individual Defendants, resulting first from Plaintiff's reliance on defense counsel's representations that they would represent the individual Defendants, and then, after serving six of the seven remaining individual Defendants, from difficulties in locating Defendant Cline, which persist still.

Plaintiff has continues its diligent efforts to locate and serve Defendant Cline, just as with the other six remaining defendants. Plaintiff's process server learned that Defendant Cline moved from the original address Plaintiff had

located for her. Doc. # 47-1. Plaintiff located a second possible address for service, which Plaintiff's process server learned was Defendant Cline's mother's address. Doc. # 47-2. However, her mother indicated Defendant Cline had moved from there as well. *Id.* Plaintiff located and investigated a third address, but learned the address was vacant and Defendant Cline had either moved from there or had not resided there. Plaintiff then located a fourth address through a public records search, where it was listed as her address in Ohio state public voter registration records, and attempted service there, but that address also proved to be a bad address for Defendant Cline. Exhibit A. Plaintiff has now engaged a private investigator to investigate Defendant Cline and to locate additional potential addresses for service.

Plaintiff's failure to serve Defendant Cline to date is not the product of inadvertence or neglect. Plaintiff has searched diligently for a valid address for her, and the delay reflects no disregard for the Court's deadlines or the Rules. It results from reasonable reliance on records research and professional investigation that has not yet turned up Defendant Cline's whereabouts. Plaintiff has now engaged a private investigator and has renewed its request that defense counsel accept service on Defendant Cline's behalf, so that service can be completed without anymore delay.

**B. Even absent a finding of good cause, the Court should exercise its discretion under Rule 4(m) to grant a further extension.**

Rule 4(m) grants district courts discretion to extend the time for service even where good cause is not shown. *Horenkamp*, 402 F.3d at 1132. Plaintiff requests a further, shorter extension to serve one last Defendant, and no prejudice to any other party would result from such an extension. All other defendants in this case have been served, have appeared, and have all been granted several extensions to respond to the pleadings. The case remains in the pleading stage due to a pending Motion to Dismiss, no scheduling order has issued, and no trial date has been set yet.

Plaintiff believes Defendant Cline knows of this litigation, based on representations from defense counsel. The original delay in serving Defendant Cline and the other individual Defendants resulted from good-faith efforts to coordinate service with defense counsel, and this Court has twice found good cause to extend the time for service. Docs. # 29, 49. Plaintiff has since served every other individual Defendant, has engaged a private investigator to locate Defendant Cline, and has asked again that defense counsel accept service on her behalf. Thirty days is a modest period in which to complete those efforts, and should they fail, Plaintiff will promptly assess and, if warranted, seek leave to pursue alternate means of service under Rule 4. Rule 4(m) expressly provides that the Court may "order that service be made within a specified time." Fed. R.

Civ. P. 4(m). Plaintiff respectfully requests that the Court set a specified period, through and including November 9, 2026, within which Plaintiff shall complete service of the Amended Complaint on Defendant Cline, the last unserved defendant in this case.

WHEREFORE, Plaintiff Certified Training Solutions, LLC respectfully requests that this Court enter an Order extending the time for Plaintiff to complete service of process on Defendant Victoria Cline, up to and including November 9, 2026, or such other period as the Court deems just and proper, and grant such other and further relief as the Court deems appropriate.

**Local Rule 3.01(g) Certification**

The movant listed below certifies that she has attempted to confer with the opposing party in good faith by contacting counsel of record for all other Defendants by email on October 8, 2026, but has not received a response regarding Defendants' position on the relief requested herein. Plaintiff will supplement this Certification pursuant to Local Rule 3.01(g)(3).

Dated: October 8, 2026.

Respectfully submitted,

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592
Joseph F. Southron, Esq.
Florida Bar No. 122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 683-4338
julia.weber@southronfirm.com
joe@southronfirm.com
eservice@southronfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on October 8, 2026, with the Court via CM/ECF system, which will send notification of such filing to all parties and counsel of record.

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592
*For the Firm*